UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES JERROD SPIKES | CIVIL ACTION |
| VERSUS | NO. 26-340 |
| TOBEY LEOS, ET AL. | SECTION "I"(2) |

**ORDER AND REASONS**

Plaintiff, James Jerrod Spikes, is an inmate currently incarcerated in the St. Tammany Parish Jail Parish. ECF No. 6, ¶II, at 2. Spikes filed this complaint pursuant to 42 U.S.C. § 1983 against Tobey Leos, Kendall Bullin, Wendall O'Berry, Casey Allen, and Taylor Nicholson challenging his criminal charges and alleging false imprisonment. *Id*. at 2, ¶III(B)-(D), at 4. Spikes requests monetary compensation and release from custody. *Id*., ¶V, at 5.

Along with his 42 U.S.C. § 1983 complaint, Spikes filed a motion to proceed *in forma pauperis*. ECF No. 7. However, Spikes is not entitled to proceed as a pauper. Upon review of the court's records, Spikes, while incarcerated, has filed at least three prior civil rights complaints in the federal courts that were dismissed as frivolous and/or for failure to state a claim for which relief could be granted before he sought to proceed as a pauper in this case. *See James Jerrod Spikes v. Randy Seal, et al*., Civ. No. 16-2794"H"(1) (E.D. La. March 13, 2017) (dismissed as frivolous and/or for failing to state a claim for which relief may be granted); *James Jerrod Spikes v. Randy Seal, et al*., Civ. No. 14-3004"R"(1) (E.D. La. March 14, 2016) (dismissed with prejudice as frivolous, malicious, and/or for failing to state a claim for which relief may be granted); *James Jerrod Spikes v. Bogalusa Police Dept., et al*., Civ. No 14-2968"H"(2) (E.D. La. April 17, 2015) (dismissed with prejudice as frivolous, failure to state a claim, seeking relief against an immune defendant, and otherwise barred under *Heck*).

The passage of the Prison Litigation Reform Act ("PLRA") was effected, in part, "to deter frivolous prisoner litigation in courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir.1996) (quoting *Leonard v. Lacy*, 88 F.3d 181, 195 (2d Cir. 1996). The goals of 28 U.S.C. § 1915 were modified by the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees. "Because in forma pauperis status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F. Supp. 283, 288 (E.D. Mo. 1992). For example, § 1915(g) provides that a prisoner shall not be allowed to bring a civil action as a pauper pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As Spikes has accumulated three "strikes" under the PLRA and § 1915(g), he is prohibited from proceeding as a pauper in this civil action unless he falls within the "imminent danger" exception of § 1915(g).  To meet the imminent danger requirement, Plaintiff must face a threat that is "real and proximate" based on fact, not conjecture.[1]  Allegations of past harm do not suffice.  Instead, the harm must be imminent or occurring at the time that the complaint is filed.[2] The exception in the statute refers to "a genuine emergency" in which "time is pressing."[3] Further, an inmate who claims the benefit of this exception must also show that the alleged danger

---

[1] *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019); *Valdez v. Bush*, No. 08-148, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2009) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

[2] *Cloud v. Stotts*, 455 F. App'x 534, 534 (5th Cir. 2011).

[3] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis... .").

faced rises to the level of exposure to a "serious physical injury."[4]   The mere possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[5]   The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.[6]

Spikes has not alleged nor does his complaint demonstrate that he is in imminent danger of serious physical injury in the manner required by the PLRA. Spikes's claims involve challenges to his criminal charge proceedings and seeks relief against defendants employed by the St. Tammany Parish District Attorney's Office. The Court, therefore, finds that Spikes is not entitled to proceed *in forma pauperis* in this matter. Accordingly,

**IT IS ORDERED** that plaintiff James Jerrod Spikes motion for leave to proceed *in forma pauperis* (ECF No. 7) is **DENIED** pursuant to 28 U.S.C. § 1915(g).   The matter is to be **CLOSED** for administrative and statistical purposes until such time as Spikes pays the requisite filing fee.

Dated this 26th day of March, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4]  28 U.S.C. § 1915(g).

[5]  *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").

[6]  *Davis v. Stephens*, No. 14-10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).